UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO RAFAEL LOPEZ,

        Petitioner,

v.                                  Case No: 2:14-cv-584-FtM-38MRM

TOM REID and SECRETARY, DOC,

        Respondents.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon review of the file. Petitioner Julio Rafael Lopez (hereinafter "Lopez" or "Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on October 2, 2014,[2] challenging his plea-based conviction of one count of lewd and lascivious battery and three counts of lewd and lascivious molestation entered in the Twentieth Judicial Circuit Court in Collier County, Florida. Petition at 1. Respondent filed a Response (Doc. #20 Response) in opposition to the Petition and attached supporting exhibits (Doc. #22, Exhs.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Petition was docketed and filed in this Court on October 3, 2014. The Court, however, applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing," which in this case was one day earlier. Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

1-12) consisting of the trial court's records and Petitioner's postconviction pleadings. This matter is ripe for review.

## I. Applicable § 2254 Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action. Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001). The statute of limitations that governs the filing of this Petition is set forth at 28 U.S.C. § 2244(d). Respondent concedes that the Petition is timely filed in this Court and this Court agrees. Response at 3.

Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts. Alston v. Fla. Dep't of Corr., 610 F.3d 1318, 1325 (11th Cir. 2010) (citations omitted). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). The following legal principles apply to this case.

### A. Deference to State Court Decision

A federal court must afford a high level of deference to the state court's decision. Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Blankenship v. Hall, 542 F.3d 1253, 1271 (11th Cir. 2008); Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141; Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003). It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal

principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold. Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003)(citation omitted), Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001), cert. denied, 534 U.S. 1046 (2001) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo.* Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir. 2006), cert. denied sub nom., Rolling v. McDonough, 542 U.S. 913 (2006).

B.  **Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d) and Strickland v. Washington, 466 U.S. 668 (1984). Newland v. Hall, 527 F.3d 1162, 1183-84 (11th Cir. 2008). The Strickland test applies to challenges of guilty pleas, as well as to convictions by jury. Hill, 474 U.S. at 58-59. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance. First, Petitioner must show that counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness under prevailing professional norms. In the guilty plea context, the first prong of Strickland requires that the Petitioner show that his plea was not voluntary "because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases." Scott v. United States, 325 Fed. App'x 822, 824 (11th Cir. 2009) (citing Hill, 474 U.S. at 56-57). Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, and need only provide the client with an understanding of the law in relation to the facts in order that the client may make an informed and conscious choice between entering a guilty plea and going to trial. Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel is required to make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer an informed opinion as to the best course to be followed in protecting the interests of the client. Id. Collateral relief is only available to a petitioner if he "prove[s] serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." McMann v. Richardson, 397 U.S. 759, 774 (1970).

Second, Petitioner must show that the attorney's deficient performance prejudiced him, i.e., that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Petitioner must demonstrate that "counsel's constitutionally ineffective performance affected the outcome of the plea process, meaning the defendant must show 'a reasonable probability that, but for counsel's errors,' he would have entered a different plea." Scott, 325 Fed. App'x at 824 (quoting Hill, 474 U.S. at 59).[3] In evaluating whether there is a reasonable probability that a petitioner would have insisted on going to trial, the court considers whether Petitioner had available a defense that would likely have borne fruit at trial. Hill, 474 U.S. at 59. With respect to a claim that counsel failed to adequately investigate the case, the prejudice inquiry will "depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Id. "This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." Id.

### III. Discussion

**A. Federal Evidentiary Hearing**

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan,

---

[3] There are a limited exceptions to a petitioner's obligation to satisfy the aforementioned "prejudice" requirement. The exception arises when circumstances giving rise to a presumption of prejudice include those in which the accused is denied counsel at a critical stage of his trial, the accused's counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing," or the accused is "denied the right of effective cross-examination." United States v. Cronic, 466 U.S. 648, 658 (1984) (citation omitted).

550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

B.  **Review and Analysis of Federal Petition**

Petitioner raises the following two grounds of ineffective assistance of counsel in his federal Petition. See generally Petition.

> **Ground One**- the convictions were obtained in violation of the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution and Article One, Sections Nine and Sixteen of the Florida Constitution when trial counsel failed to compel the trial court to issue a ruling on his motion to suppress pretrial inculpatory statements, and;
>
> **Ground Two**- the convictions were obtained in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article One, Sections Nine and Sixteen of the Florida Constitution when trial counsel affirmatively misadvised the defendant that there was no viable defense for lewd and lascivious molestation of a child under 12 years old in violation of § 800.04(5)(B).

Petition at 4-9.

A federal habeas court reviews a state court guilty plea only for compliance with federal constitutional protections. "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991) (citation omitted). In other words, "[a] knowing and voluntary guilty plea waives all constitutional challenges to

a conviction." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (citing Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. Unit B. 1981)); see also Hutchins v. Sec'y Dep't of Corr., 273 Fed. App'x 777 (11th Cir. 2008) (affirming district court's dismissal of a petition challenging effectiveness of counsel when the plea was knowingly and voluntarily entered). A guilty plea precludes claims of constitutional deprivations occurring prior to entry of a plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (stating "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); see also Tiemans v. U.S., 724 F.2d 928, 929 (11th Cir. 1984).

However, the law is well-settled that a guilty plea does not waive a claim for relief that implicates the voluntariness of the plea itself. See Tollett, 411 U.S. at 267; Hill v. Lockhart, 474 U.S. 52 (1985); Scott v. Wainwright, 698 F.2d 427, 429 (11th Cir. 1983). Thus, only challenges to the voluntariness and intelligent entry of a guilty plea can be advanced on appeal. Machibroda v. United States, 368 U.S. 487, 493 (1962); Stano, 921 F.2d 1125 at 1150-51; see also Wilson, 962 F.2d at 997.

Here, the record conclusively shows that Petitioner entered a knowing and voluntary guilty plea. During the plea colloquy, the trial court asked Petitioner questions and ensured that Petitioner understood the consequences of his plea, which charges he was tendering a plea on, and the rights he was waiving. See Exh. 6 at 94-97. Petitioner acknowledged that he understood the sentences he would face if convicted by a jury and that entering the guilty plea was in his best interests. Id. at 98. Petitioner answered in the affirmative that he understood the proceedings. Id. at 99, 104. Petitioner

specifically stated that he had no mental condition or influence of any substances that would affect his understanding of the proceedings. Id. at 98-99. There is nothing in the record that suggests Petitioner's plea or admissions in open court were anything but the truth. A plea colloquy carries a strong presumption of truth. United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987). The record shows that Petitioner received reasonably effective assistance of counsel and made an informed choice to enter his plea.

Nevertheless, a review of Petitioner's two claims of ineffective assistance of defense counsel raised herein fares no better. Interestingly, Petitioner acknowledged during the plea colloquy that he was satisfied with his defense attorney. Id. at 101. Regarding Ground One, whether trial counsel rendered ineffective assistance for failing to compel the trial court to rule on his motion to suppress statements, Petitioner raised this claim in his Florida Rule of Criminal Procedure 3.850 motion. In reviewing this claim, the postconviction court applied the Strickland standard, adopted the state's response, and ultimately denied Petitioner relief on this claim. Exh. 7.

A review of the record reveals that defense counsel's sole basis for the motion to suppress Petitioner's inculpatory statements provided to law enforcement officials stemmed from the premise that Petitioner did not speak fluent Spanish and instead spoke a dialect called "Mam." Exh. 6 at 8. Therefore, Petitioner argued his inculpatory statements should be suppressed because he did not understand the law enforcement officer's questions because he didn't "truly understand" the law enforcement officer's "traditional Spanish." Id. at 9. Further, Petitioner argued that he did not understand the officer's Miranda warning, which was also conveyed in traditional Spanish, not the Mam dialect. Id. The trial court held a hearing to determine Petitioner's Spanish fluency and

ultimately determined that Petitioner was fluent in Spanish and knew some English.   Exh. 1, Vol. 1 at 121, 157-158.[4]   The result of this proceeding foreshadowed that the trial court would have further denied Petitioner's motion to suppress because the sole basis for suppression, i.e. that Petitioner did not understand traditional Spanish, was rejected following the trial court's fluency hearing.

Petitioner has not shown how counsel's failure to request the trial court to rule on his motion to suppress amounted to a Strickland violation.   The Court finds that the State court's denial of Petitioner's ineffective assistance of counsel claims are not contrary to Strickland, did not involve an unreasonable application of Strickland, and was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.   28 U.S.C. § 2254(d).   Further, Petitioner knew the facts surrounding his motion to suppress, and the trial court's rejection of his fluency argument, prior to entering his guilty plea.   Petitioner chose to enter a negotiated guilty plea resulting in a twenty-five year term of imprisonment, with credit for time served, opposed to the alternative life sentence on counts two and three, followed by a thirty-year

---

[4] The trial court held:

> All right.  Well regardless of how the Court views the testimony of Ms. Lucas, it's clear from the testimony of Ms. Baeza that the defendant is fluent in Spanish.  It's clear.  He gave a sixty-page interview in Spanish, using the Spanish language.  I don't know what else we could do to show he's fluent in Spanish as well as his native language and apparently he understands some English, too.  So, the Court finds the greater weight of the evidence—it's actually more than just the greater weight of the evidence; it's clear and convicting actually—that he's fluent in the Spanish language and that we can proceed by using a Spanish interpreter. Exh. 1, Vol. 1 at 157-158.

consecutive sentence on counts one and four, if convicted by the jury. To the extent Petitioner raises a claim concerning Florida's Constitution, such a claim is not subject to review in a § 2254 petition. Accordingly, Petitioner is denied relief on Ground One.

In Ground Two, Petitioner contends that the convictions were obtained in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article One, Sections Nine and Sixteen of the Florida Constitution when trial counsel affirmatively misadvised the defendant that there was no viable defense for lewd and lascivious molestation of a child under 12 years old in violation of § 800.04(5)(B). Petitioner essentially argues that but for defense counsel's misadvise on a possible defense to the lewd and lascivious molestation charges, Petitioner would not have entered a guilty plea. Petitioner raised this claim as his third claim for relief in his Florida postconviction motion filed under Rule 3.850. The postconviction court applied Strickland and ultimately denied Petitioner relief, incorporating the State's response therein. Exh. 7.

Petitioner has not shown how defense counsel's advice that there was no defense to the lewd and lascivious child molestation charges in this case amounted to a Strickland violation. After entering a guilty plea, Petitioner wishes to challenge the lewd and lascivious molestation convictions on three different children, two of which were under the age of 12. Petitioner acknowledged that he touched the children, but claimed he did so without any sexual intent. The claim that Petitioner was only touching the victims in a playful manner, as opposed to a lewd and lascivious manner, is a question for a jury. Petitioner waived the right to a jury trial, however, when he entered his guilty plea. Further, Petitioner acknowledged in his postconviction motion that he touched the children's "chingalings." Based on the facts in this case, defense counsel's advice that

there was no defense to the lewd and lascivious molestation charges cannot be deemed ineffective. The Court finds that the State court's denial of Petitioner's ineffective assistance of counsel claims are not contrary to Strickland, did not involve an unreasonable application of Strickland, and was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d). Petitioner is denied relief on Ground Two.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36

(2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of July, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record